Affirmed and Opinion filed _____________, 2002














Affirmed and Opinion
filed March 13, 2003.                                                    

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00523-CR

____________

 

AMBER RENEE
COLLINS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 228th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 881,465




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

          A jury found appellant guilty of indecency with a child and, after
assessing punishment at nine years’ confinement, recommended a suspended
sentence and community supervision.  The
facts of this appeal are known to the parties, so we do not recite them
here.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex R. App. P. 47.1. 
We affirm.

 

Impeachment

            Appellant’s
first two points of error concern her counsel’s attempt to impeach the
complainant with a prior statement made during the trial of Robert Phillips,
her husband.[1]

            Rule
613 of the Texas Rules of Evidence prohibits extrinsic evidence of an
inconsistent statement unless the witness denies it:

In
examining a witness concerning a prior inconsistent statement made by him,
whether oral or written, and before further cross-examination concerning, or
extrinsic evidence of, such statement may be allowed, the witness must be told
the contents of such statement and the time and place and the person to whom it
was made, and must be afforded an opportunity to explain or deny such
statement.  If written, the writing need
not be shown to him at that time, but on request the same shall be shown to
opposing counsel.  If the witness
unequivocally admits having made such statement, extrinsic evidence of same
shall not be admitted….

Tex. R. Evid. 613(a).  The rule requires three elements as a
predicate for admission: identification of the statement (by time, place, and
person), a summary of the contents, and a denial by the witness as to what the
statement contains.  Here, counsel identified
the statement, and then proceeded to try to read it to the witness and the
jury, with no summary or opportunity (until after it was read) for her to admit
or deny it.  Thus, the trial court
correctly sustained the prosecutor’s objection.

            Moreover,
appellant has made no showing of harm.  After
the objection was sustained, a transcript containing the testimony was admitted
when the prosecutor waived any objection.[2]  Appellant has not shown what questions or
testimony have been excluded.  See Tex.
R. Evid. 103; Tex. R. App. P. 33.2.  We
thus overrule appellant’s first two points of error.  See Tex. R. App. P. 44.2(a).

Prosecutorial
Misconduct

            In
her final point of error, appellant contends the prosecutor engaged in
prosecutorial misconduct be suggesting to the complainant that her testimony
about appellant’s innocence in the prior trial related to an entirely separate
matter.  As it is difficult to parse all
of the complainant’s testimony, it is not entirely clear that the two are
inconsistent.  But assuming they are,
appellant has not proven the prior statement was true and the second was not,
or that the prosecutor knew that to be the case.  Further, no objection was made at the time.  Thus, we overrule this point.

            The judgment is
affirmed.

                                                                                                                                                                                                                                                /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed March
 13, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 











[1][Defense
Counsel]:             Okay.  And do you recall this following statement,
quote -- this is to Mr. McGinnis’   

question, “When you say, ‘Amber,
you’re totally innocent of the whole thing,’ are you trying to say there that
Amber knows nothing about what was allegedly happening with you and
Robert?”  And then you answer, “With me
and Robert, yes.  She did not even known
when the threesome came through.”

 

   [The
Prosecutor]:              Objection,
improper impeachment.

 

   [The Court]:                       That will be sustained.

 

   [Defense
Counsel]:           All right.  And then you said --

 

   [The
Prosecutor]:              Objection,
improper impeachment.

 

   [Defense
Counsel]:           -- “Only one time” --

 

   [The Court]:                       That will be sustained.

 

   [Defense Counsel]:           Okay.  Do you recall
making another statement of the 15th of January, and you made this at the Harris
 County courthouse, criminal
courthouse --

 

   [The Prosecutor]:              Respectfully object to improper impeachment.

 

   [Defense Counsel]:           Do you recall saying there was one, only one time --

 

   [The Prosecutor]:              Hasn’t laid the predicate.

 

   [The Court]:                       Be
sustained.

 

   [Defense Counsel]:           You had this, the district attorney, predicate in their
book.

 

   [The Court]:                       Counsel,
follow the proper procedure.

 

   [Defense Counsel]:           Ok.  Do you recall
saying that?

 

   [The Prosecutor]:              I object. 
Improper impeachment.

 

   [The Court]:                       That
will be sustained.

 





[2] [Defense
Counsel]:            After tending to
opposing counsel, I’d like to have [the prior statement] admitted into 

evidence.

 

   [The Prosecutor]:              I’m not going to have any, grudgingly, have any
objections, Judge, other than the warning that I made at my bench
conference.  She wants to offer these as
part of her case, then I don’t have any objection.

 

   [The Court]:                       And
they’re marked as --

 

   [The Prosecutor]:              Defense Exhibit #1 and 2.

 

   [Defense Counsel]:           Without objection, Defense Exhibit #1 and 2 will be
admitted.